UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

VANESSA D.,[1]

        Plaintiff,

        v.

KILOLO KIJAKAZI, et al.,

        Defendants.

Case No.  23-cv-02267-RMI

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 19, 21

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability benefits under Title II of the Social Security Act. *See* Admin. Rec. at 1.[2] The Appeals Council of the Social Security Administration declined to review the ALJ's decision. *Id.* As such, the ALJ's decision is a "final decision" of the Commissioner of Social Security, appropriately reviewable by this court. *See* 42 U.S.C. § 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 7, 10) and both parties have moved for summary judgment (dkts. 15, 18). For the reasons stated below, Plaintiff's Motion for Summary Judgment is granted, and Defendant's Cross-Motion for Summary Judgment is denied.

**LEGAL STANDARDS**

The Social Security Act limits judicial review of the Commissioner's decisions to final decisions made after a hearing. 42 U.S.C. § 405(g). The Commissioner's findings "as to any fact,

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in nine attachments to Docket Entry #8. *See* (Dkts. 8-1 through 8-8).

if supported by substantial evidence, shall be conclusive." *Id.* A district court has limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**BACKGROUND**

For many years, Plaintiff has experienced intermittent back pain. AR at 450. In June of 2020, Plaintiff was diagnosed with degenerative disc disease of the lumbar and cervical spine. *Id.* at 326, 331. At the time, Plaintiff was experiencing near-constant pain in her back, neck, and shoulder, which would sometimes radiate down her legs. *Id.* at x. Plaintiff reduced her hours at work hoping that rest would aid her recovery. *Id.* at 51. Plaintiff continued to experience pain and eventually, left work altogether. *Id.*

Plaintiff has been diagnosed with human immunodeficiency virus ("HIV"), which she manages with medication. *See e.g.*, 299, 302, 351, 373, 376, 383, 451. Plaintiff experiences some intermittent numbness in her toes that her treatment notes indicate may be due to HIV. *See e.g.*, 381, 414, 423. Additionally, Plaintiff is obese with a body mass index ranging from 35% to 42%. *See e.g. id.* at 26, 310, 421, 492, 507, 514, 532, 574, 612, 641, 663. There is evidence throughout the record that Plaintiff's obesity contributes to her chronic pain and her physicians repeatedly encourage weight loss to relieve her back, neck, and joint pain. *See id.* at 381-82, 414, 423, 439,

United States District Court
Northern District of California

440, 454, 455, 468, 486, 494, 509, 534, 576, 591. At her doctor's recommendation, Plaintiff has altered her diet and attempts light exercise, including walking. *Id.* at 58. Because of her pain, however, she has stopped her exercise routine. *Id.* Plaintiff has also received therapy treatment for anxiety and management of her chronic pain. *See e.g.*, *id.* at 349, 395, 399.

By the court's review, there are eight treatment records that directly address Plaintiff's back, neck, and shoulder pain. *See id.* at 450, 324-26, 435-36, 376-77, 555, 530, 579. Of these, four were conducted over the phone because of the coronavirus pandemic and therefore, do not relay objective medical findings; one summarizes Plaintiff's MRI findings; and three were conducted in-person and provide an assessment of Plaintiff's range of motion and other objective metrics. *See id.* The most significant objective findings in the record are the June 2020 MRIs which indicate severe left neural foraminal stenosis at C3-4 and moderate cervical spondylosis with mild spinal canal stenosis at C5-6 (*id.* at 331) and disc desiccation at L3-4 and L4-5, loss of height of L5-S1, and mosaic type II endplate changes at L5-S1 (*id.* at 326). At Plaintiff's in-person appointments, she exhibited varying degrees of impairment. On June 2, 2020—several weeks prior to Plaintiff's alleged onset date—Plaintiff was tender to palpation in the left lower back and had full range of motion in all extremities. *Id.* at 453. Nearly a year later, on June 29, 2021, Plaintiff had full range of motion in all extremities, mild tenderness in the left upper and right lower lateral back areas, and limited range of motion in the neck due to pain. *Id.* at 532. On August 6, 2021, at Plaintiff's first physical therapy appointment, she exhibited abnormal or restricted range of motion, along with abnormal muscle tone, activity intolerance, and impaired physical strength. *Id.* at 579. On examination of Plaintiff's left cervical area, Plaintiff had positive active compression, cervical distraction, Spurling's sign, ULTT3 and ULTT4 tests with negative ULTT1 and ULTT2 tests. *Id.* There are no other records of Plaintiff's physical therapy treatment, though she was assigned a further five sessions. *Id.* at 580.

Dr. Hu, Plaintiff's treating physician, issued two opinions for the record; both were submitted using checkbox questionnaires. *Id. at* 337-38, 567-96. Dr. Hu's second opinion was accompanied by records of the treatment notes from Plaintiff's June 2021 office visit, her August 2021 physical therapy visit, and her September 2021 telephone visit. *Id.* at 567-96. Among other

limitations, Dr. Hu opined that Plaintiff would be unable to use her left arm to handle, finger, or reach, and that, due to pain, Plaintiff would be off-task 25% of the time and absent more than 4 days a month. *Id.* at 568-70. Social Security Administration ("SSA") examiners also reviewed Plaintiff's records. *See id.* at 69-82, 83-97. They opined that Plaintiff was capable of a range of "medium" work. *Id.*

**THE ALJ'S DECISION**

The ALJ engaged in the required five step sequential evaluation process. *See id.* at 18-31. At step one, the ALJ determined Plaintiff had not performed substantial gainful activity during the relevant period. *Id.* at 23. At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine and obesity. *Id.* The ALJ found that, among other minor impairments, Plaintiff's HIV, migraines, abdominal pain, high blood pressure, and "adjustment disorder with anxious mood" were non-severe. *Id.* at 23-24. At step three, the ALJ found that none of Plaintiff's conditions met or equaled any listed impairment. *Id.* at 25 In formulating Plaintiff's residual functional capacity ("RFC"), the ALJ determined that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567, with several exertional limitations. *Id.* at 25-26. In reaching this determination, the ALJ found Dr. Hu's opinion to be unpersuasive because it was "grossly unexplained and unsupported" and was "far too extreme in assessed limitations than are objectively supported by the overall medical evidence." *Id.* at 28. Although the ALJ mentioned Plaintiff's obesity, the ALJ did not explain what effect, if any, Plaintiff's obesity has on her impairments. *See id.* at 26 (noting that Plaintiff is obese) *and id.* at 27 (noting that Plaintiff had a BMI over 35%). At step four, the ALJ found that Plaintiff could complete her past relevant work as a companion, salesclerk, receptionist, and deli clerk. *Id.* at 29. The ALJ concluded that Plaintiff was not disabled. *Id.* at 30.

**DISCCUSION**

The ALJ erred by failing to develop the record as to Plaintiff's functional limitations resulting from her degenerative disc disease. Because the ALJ did not properly develop the record, the ALJ's determination that Dr. Hu's opinion was unfounded was not supported by substantial evidence. As such, remand for further development of the record is necessary.

"The differences between courts and agencies are nowhere more pronounced than in Social Security proceedings . . . [which] are inquisitorial rather than adversarial[,] [thus] [i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). It is well established that "[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). When the record consists of insufficient or ambiguous evidence, it is incumbent upon the ALJ to take reasonable steps to ensure that questions raised by the medical evidence are carefully addressed so that a determination of disability may be made on a sufficient evidentiary record. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999). This duty exists regardless of the claimant's status as represented or unrepresented. *Celaya v. Halter,* 332 F.3d 1177, 1183 (9th Cir. 2003).

Ultimately, the court finds that the record is insufficiently developed. Plaintiff's impairments, specifically her degenerative disc disease, are evident by objective metrics. Plaintiff has provided MRI imaging confirming mild to severe degenerative conditions in her cervical and lumbar spine. However, there is very little in the record by way of objective medical findings that assess Plaintiff's functional limitations resulting from her cervical and lumbar disc disease. The sole medical opinion provided by a non-SSA examiner—that of Dr. Hu—was rejected by the ALJ as "grossly unexplained and unsupported." If the ALJ thought she needed to know the basis of Dr. Hu's opinion, it was the ALJ's duty "to conduct an appropriate inquiry," by, for example, ordering a consultative examination, "subpoenaing [Plaintiff']s physician, or submitting further questions to [Plaintiff's physicians]," or questioning Plaintiff herself. *See Smolen*, 80 F.3d at 1288. This is particularly the case where, as here, the record is sparse as to Plaintiff's functional limitations attributable to her degenerative disc disease. Plaintiff's three in-person assessments do not constitute substantial evidence capable of contradicting Dr. Hu's opinion. Nor is it evident that the paucity of records indicates mild or moderate symptoms. Much of the relevant period occurred during the coronavirus pandemic affecting Plaintiff's care—as mentioned above, many of her appointments were conducted over the phone, a medium that does not lend itself to objective medical findings. Further, it appears that at least some records are not present. As the ALJ

United States District Court
Northern District of California

acknowledged, while the record contains intake evaluation notes from Plaintiff's physical therapy, there are no records of subsequent visits. The ALJ's determination that Dr. Hu's opinion was unfounded, is based upon an inadequate record and as such, cannot be said to constitute substantial evidence.

Accordingly, the court finds that the record requires further development, and that remand is appropriate. Because the court remands for failure to fully and fairly develop the record, the court need not address Plaintiff's alternative grounds for remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012; *see also Steven M. v. Saul*, No. 19-cv-06991-RMI, 2021 WL 1056787, at *5 (N.D. Cal Mar. 19, 2021). However, the court notes that the ALJ also failed to properly address the effect of Plaintiff's obesity on her RFC. The SSA has emphasized the importance of addressing obesity in developing a claimant's RFC. *See* Social Security Ruling ("SSR") 19-2P, (S.S.A. May 20, 2019), 2019 WL 2374244. The SSR, which requires ALJ's to consider claimant's obesity in formulating the RFC, specifically notes that obesity complicates other diagnoses, pointing out that, in addition to exertional limitations, claimants with obesity may experience limitations in their "physical and mental ability to sustain work activity." *Id.* Given that Plaintiff's doctors repeatedly advised her to lose weight to assist with her back, neck, and joint pain, the ALJ erred by failing to incorporate Plaintiff's obesity into her RFC. Passing mention of Plaintiff's obesity does not indicate that it was properly addressed as an exacerbating impairment and the court will not supply reasoning on the ALJ's behalf, nor evaluate reasoning that the ALJ did not articulate. The court may not make inferences—even if reasonable—from the ALJ's summary of the RFC to supplement inadequate reasoning. *See Brown-Hunter*, 806 F.3d at 494-95.

On remand, the ALJ is **ORDERED** to inquire as to whether any other records exist from the relevant period upon which Dr. Hu based her opinion. The ALJ is further **ORDERED** to enlist a consulting physician to assess Plaintiff's limitations. Finally, the ALJ is **ORDERED** to consider the other issues raised in Plaintiff's briefing and to modify any ensuing opinion as necessary.

**CONCLUSION**

For the reasons stated above, the court finds that the ALJ's decision was not supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** and

Defendant's Cross-Motion is **DENIED**. This case is remanded for further proceedings consistent with this order. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: July 30, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

7